**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **ERIN WILCOX AND CONNIE** | * | |
| **SLINGBAUM, on behalf of themselves** | * | |
| **and all others similarly situated,** | * | |
| | * | |
| **Plaintiffs,** | * | **Civil Case No. SAG-23-2364** |
| **v.** | * | |
| | * | |
| **MARKETPRO SOUTH, INC. d/b/a** | * | |
| **MARKETPRO HOMEBUYERS,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Erin Wilcox and Connie Slingbaum ("Plaintiffs") filed this putative class action alleging violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, based upon text messages received from Defendant MarketPro South, Inc. d/b/a MarketPro Homebuyers ("MarketPro"). ECF 1. MarketPro has filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim. ECF 12. Plaintiffs filed an opposition, ECF 13, and MarketPro filed a reply, ECF 16. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, MarketPro's Motion to Dismiss shall be denied.

### I.   FACTUAL BACKGROUND

According to the Complaint, MarketPro is "a real estate marketing and lead generation business" in Maryland. ECF 1 ¶ 6. Plaintiffs registered their cellular telephone numbers with the National Do-Not-Call Registry ("DNC Registry") in 2008 and 2009. *Id.* ¶¶ 15–16. However, since 2021, Plaintiffs received multiple text messages on their cellular telephones from persons associated with "MPH," "MPH of Rockville," or "MPH of PA," all of which Plaintiffs allege to be MarketPro. *Id.* ¶¶ 17–18, 23. The text messages state, in relevant part, that the sender seeks to

"buy as-is houses," to acquire houses "in any condition" with "no fees or need to repair," or to share "a proposal" or "a fair proposal" for Plaintiffs' homes. *Id.* ¶¶ 17–18. Plaintiffs did not previously interact with MarketPro and had no interest in selling their homes. *Id.* ¶¶ 21–22. They did not provide prior consent to receive text messages from MarketPro. *Id.* ¶ 43.

MarketPro's website, www.marketprohomebuyers.com, indicates that MarketPro buys homes from customers and also offers related services such as cleaning, packing, moving, and title and escrow services. *Id.* ¶¶ 26–28. MarketPro then advertises the homes it acquires to third-party buyers or investors using a separate site, www.marketprodeals.com. *Id.* ¶ 33. Plaintiffs allege that MarketPro's customers pay an "effective fee" to MarketPro for its ancillary services through MarketPro's payment of a reduced purchase price for their home. *Id.* ¶ 36. Plaintiffs further allege, based on online reviews, that MarketPro routinely delivers telemarketing and solicitation texts to homeowners without their written consent. *Id.* ¶ 51. Plaintiffs allege that MarketPro's messages violate the TCPA in two ways: (1) by soliciting subscribers who registered their telephone numbers on the DNC Registry and (2) by failing to provide the called party with the name of the person or entity on whose behalf the calls were made. *Id.* ¶¶ 81–87; 89–95.

## II.    STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd*., 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the rule is to provide a defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440

(4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## III.   DISCUSSION

The TCPA and its implementing regulations prohibit initiating a "telephone solicitation" to a telephone subscriber who has requested inclusion on the DNC Registry. *See* 47 U.S.C. § 227(c)(3), (5); 47 C.F.R. § 64.1200(c)(2). The statute defines such solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" being offered. 47 U.S.C. § 277(a)(4). The TCPA's implementing regulation also states that a person making "any call for telemarketing purposes must provide the called party" with certain identifying information. 47 C.F.R. § 64.1200(d)(4). In that vein, "telemarketing" is also defined as a telephone call or message initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services." *Id.* § 64.1200(f)(13).

The first operative question, then, is what this Court should consider in evaluating "the purpose of" MarketPro's text communications. Plaintiffs allege that given MarketPro's website, MarketPro intended to sell its home-purchase services to Plaintiffs, even though those words were not used in the texts themselves. MarketPro contends, correctly, that the messages' explicit text is devoid of any encouragement for Plaintiffs to purchase anything and contains only an express offer

for MarketPro to purchase (or to communicate an offer to purchase) Plaintiffs' homes.

Courts are divided as to whether this Court's inquiry should be limited to the four corners of the texts themselves or whether other facts can be considered to divine the Defendant's intent. *Compare Cavey v. MarketPro Homebuyers, LLC*, 542 F. Supp. 3d 418, 428 (E.D. Va. 2021) (holding, in interpreting similar texts under a substantially similar state statute, that the texts themselves only contained an offer to purchase homes and "made no mention of any ancillary services that were being offered for sale"), *with Eagle v. GVG Capital, LLC*, Case No. 22-cv-00638-SRB, 2023 WL 1415615, at *1, *3 (W.D. Mo. Jan. 31, 2023) (finding that a text "presenting a fabulous proposition for your house" was pled to be offering "home selling services" to the plaintiff and thus stated a viable claim), *and Pepper v. GVG Capital, LLC*, Civ. No. H-22-2912, 2023 WL 3914291, at *2 (S.D. Tex. June 9, 2023) (holding, in a case involving text offers to buy a home, that "allegations that [a defendant] provides the necessary services associated with a real estate transaction, and that the seller effectively pays for those services through [defendant's] payment of a discounted purchase price, are sufficient to state a claim").

After a thorough review of those cases and the others cited by both parties, this Court does not see a basis in the TCPA, its regulations, or otherwise to limit its "intent" or "purpose" inquiry to the plain language of MarketPro's text messages. *Cavey* itself offers no such authority.[1] Although MarketPro correctly notes that discovery into its true intent will complicate the litigation, factual complexity is not a basis to avoid discovery into a properly pled claim.

Here, Plaintiffs allege that MarketPro's actual purpose was to encourage a surreptitious

---

[1] In reaching its holding, the *Cavey* court reasoned that the statutory definition of a "telephone solicitation call" means that a court must exclusively look to the contents of the text message because "the purpose of" a text message is only clear from the contents of the message. *See* 542 F. Supp. 3d at 428. However, *Cavey* cites no authority for this proposition.

sale of its various real estate-related services, couched as a straightforward home-buying offer. In other words, Plaintiffs allege that they unknowingly would have been agreeing to purchase certain services from MarketPro had they agreed to sell their homes to MarketPro, transforming MarketPro's apparent offer to purchase into a *de facto* offer to sell services. Plaintiffs' position does not rely on some attenuated intent to solicit them to engage in future transactions or on some profit MarketPro might make by later selling Plaintiffs' homes to a third party, *see Knutson v. Blue Light Sec., Inc.*, Case No. 17cv134-LAB (JMA), 2018 WL 1172611, at *4 (S.D. Cal. Mar. 6, 2018), but on MarketPro's intent to solicit Plaintiffs to purchase its services via the exact transaction described in the texts. Whether Plaintiffs can ultimately prove their case and fit it into the confines of the TCPA will likely turn on the precise structure of MarketPro's business and the connection between its home purchases and its "sale" or provision of any associated services. Those issues will be explored through discovery. But under the low bar applicable at the motion to dismiss phase, taking the factual allegations in the Complaint as true and in the light most favorable to Plaintiffs, Plaintiffs' claims survive and warrant discovery. *See, e.g.*, *Less v. Quest Diagnostics Inc.*, 515 F. Supp. 3d 715, 717–18 (N.D. Ohio 2021) (holding, in the case of a purported offer of a free service, that discovery about the defendant's business model was warranted to ascertain whether "the calls in this case were solicitations under the statute").

## IV.   CONCLUSION

For the reasons set forth above, MarketPro's Motion to Dismiss, ECF 12, is DENIED. A separate Order follows.


Dated: December 20, 2023                                    _____/s/_____

                                                          Stephanie A. Gallagher
                                                          United States District Judge